### BJOLSTAD v. PACIFIC COAST S. S. CO. et al.

(District Court, N. D. California, First Division. December 9, 1914.)

#### No. 15692.

ADMIRALTY ⚖47—PROCESS IN SUITS IN PERSONAM—ATTACHMENT OF PROPERTY.

In a suit in admiralty in personam, where the court has jurisdiction of the subject-matter and the respondent cannot be served within the district, the court may direct process in the nature of a foreign attachment to be levied on any property of respondent found in the district.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 396–403; Dec. Dig. ⚖47.]

In Admiralty. Suit by Andreas Bjolstad, as administrator of the estate of Halfdan Hansen, deceased, against the Pacific Coast Steamship Company and the Pacific Coast Company. On exceptions to jurisdiction of court. Overruled.

Andros & Hengstler, Wm. Loewy, and Walter Loewy, all of San Francisco, Cal., for libelant.

Ira A. Campbell and McCutchen, Olney & Willard, all of San Francisco, Cal., for libelees.

DOOLING, District Judge. This is an action brought by libelant, as administrator of the estate of Halfdan Hansen, deceased, for damages resulting from the death of his intestate, and in behalf of the widow and children, the sole heirs of such intestate.

The respondent Pacific Coast Company is a New Jersey corporation,

and owner of the steamship President, with her home port at New York, but under temporary register at San Francisco, and plying between points on this coast. The respondent Pacific Coast Steamship Company is a California corporation, averred to be the agent of the Pacific Coast Company in managing said vessel. The death of libelant's intestate is averred to have been occasioned by the negligence of respondents in not providing proper and suitable appliances, and in the manner by which certain work was ordered done on the said steamer, whereby libelant's intestate, a member of her crew, was drowned.

On the filing of the libel, mesne process was ordered to issue in accordance with admiralty rule 2, in the nature of a foreign attachment, directing the marshal to warn the said respondent Pacific Coast Company, if it shall be found in this district, to appear before the court on a day mentioned, then and there to answer the libel, and, if the said respondent cannot be found in this district, to attach its goods and chattels found therein to the amount sued for, and particularly its steamship Governor. Pursuant to this process, the said respondent not having been found in the district, the marshal attached its steamship Governor, which was afterwards released upon the furnishing by respondent of a bond in the sum of $25,000. The respondent then filed its exceptions to the jurisdiction of the court, bringing in question the power of the court to issue such foreign attachment, and denying its jurisdiction over the person and property of respondent, on the ground that the attachment of respondent's property in the present suit is unauthorized and illegal and without authority of law. There is no exception to the jurisdiction of the court over the subject-matter of the action.

The question thus presented is an interesting one. Respondent contends that while a New Jersey statute, set out in the libel, may give a right of action to the heirs for the death of their intestate, such statute does not warrant the issuance of an attachment. But if the admiralty court has jurisdiction of the subject-matter of the suit, it will use its own methods of acquiring jurisdiction of the person. If the person be found in the district, he will be served directly. If not so found, then another method of bringing him in is resorted to; that is to say, his property found in the district is attached, which attachment, as in the present case, is generally very shortly thereafter followed by the appearance of the owner. It is a very simple and very effective method of securing the presence of a respondent from without the district, and has been immemorially used by the admiralty courts. It was originally devised, and is still maintained, as a means of compelling the respondent to appear in the suit, and this is its primary object, though, if he does not so appear, the attached goods may be sold to satisfy the claim of the libelant. It is a method which may be invoked in all classes of suits in personam, whether arising ex contractu or ex delicto. If the admiralty court has jurisdiction of the subject-matter of the suit, and the respondent cannot be found in the district, so that personal service may be made upon him, he is then brought in by the process known as foreign attachment, which consists simply in seizing his property found in the district, in the expectation, rarely

unfounded, that he will presently emerge from some quarter and defend his goods. These views find support in the case of Atkins v. Disintegrating Co., 85 U. S. (18 Wall.) 272, 21 L. Ed. 841.

The efficacy of the proceeding is manifested in the present case. The steamship Governor was seized by the marshal on September 4th. On September 5th a stipulation was entered into by proctors for the respondent and libelant for the release of the vessel upon giving a bond. On September 15th the exceptions under consideration were filed, and there is little question but that respondent will be in court at every stage of the proceedings to be had hereafter.

The exceptions will therefore be overruled.